# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ANGEL MERCADO and
LYDIA MERCADO, his wife,

    Plaintiffs,

v.                    Civil Action No. 7:06-cv-64 (HL)

STEVE ROGERS, JOHN DAVID
ANDERSON, RAYFORD COX,
IRWIN COUNTY, GEORGIA, and
DONNIE YOUGHN, as Sheriff of
Irwin County, Georgia,

    Defendants
_____

## ORDER

After Angel Mercado was beaten while incarcerated at the Irwin County Jail, he and his wife Lydia filed a complaint in this Court seeking damages. Mercado alleged that Steve Rogers, John David Anderson, and Rayford Cox violated his federal constitutional rights by, among other things, subjecting him to excessive force in violation of his rights under the Fourteenth Amendment.[1] He further alleged that Irwin County, Georgia, and Donny Youghn, as its Sheriff, were responsible for the injuries he sustained. After engaging in discovery, Defendants filed the Motion for Summary Judgment (Doc. 19) at issue here. After review of the pleadings, the

---

[1] Mercado does not actually refer to the Fourteenth Amendment in his complaint. He does, however, bring his claims pursuant to 42 U.S.C.A. § 1983. (Compl. ¶ 13.) At the time Mercado sustained injury at the Irwin County Jail, he was a pretrial detainee. Claims involving mistreatment of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

discovery and disclosure materials on file, and the affidavits, the Court grants the Motion as more fully set forth below.

## I. FINDINGS

Plaintiffs adopt the statement of facts as presented by Defendants and the Court will do likewise. The most relevant facts, taken from Defendants' Statement of Facts and Mercado's deposition, are restated here.

On July 27, 2004, Mercado, who had been drinking alcohol earlier in the day, was involved in an accident in Irwin County, Georgia. After law enforcement officers arrived on the scene, they placed Mercado under arrest. He was transported, in handcuffs, to the Irwin County Jail by Defendant Rogers. After arriving at the jail, Mercado was removed from Deputy Rogers' car by several officers. Mercado was placed in a holding cell, still in handcuffs. The toilet in the holding cell where Mercado was placed began malfunctioning, resulting in water flowing onto the floor. When Mercado brought the water to the attention of jail personnel, he was transferred to a different cell, identified by the parties as Cell J-3.

Mercado was taken in handcuffs to Cell J-3 by three to five officers. It is undisputed that while Mercado was in Cell J-3, he was kicked and beaten by law enforcement officers. Mercado's injuries were such that he was taken to Irwin County Hospital for treatment and then returned to the jail. He was released from jail the next day.

## II. PROCEDURAL HISTORY

The Mercados filed their complaint in this Court on July 21, 2006.[2] They named Rogers, Anderson, Cox, and Youghn as Defendants, and also named Irwin County, Georgia, as a Defendant. The complaint vaguely alleges that it is brought pursuant to 42 U.S.C.A. § 1981 and Title VII, as well as pursuant to 42 U.S.C.A. § 1983, and also vaguely claims to be brought to redress violations of state law. With respect to the claims brought pursuant to § 1983, the complaint fails to specify whether the claims are brought against Defendants Rogers, Anderson, Cox, and Youghn in their individual or official capacities, or both.

In moving for summary judgment, Defendants seek judgment as follows:

(1) as to all claims against Irwin County, Georgia, because the County is not responsible for the actions of the Sheriff or his deputies with respect to claims of excessive force occurring while Mercado was incarcerated;

(2) as to any claims against Sheriff Youghn in his official capacity because such claims would be barred by the Eleventh Amendment;

(3) as to any claims against Deputies Rogers, Cox, and Anderson in their official capacities because such claims are, in effect, claims against the Sheriff and, as such, would be barred by the Eleventh Amendment; and

(4) as to any claims against Sheriff Youghn and Deputies Cox and Rogers in their individual capacities because Mercado has been unable to identify Youghn, Cox, or Rogers as the officers who subjected him to excessive force. (Defs.' Br.

---

[2] Lydia Mercado's claim is for loss of consortium.

Supp. at 5, 7, 9, and 10.)  Granting summary judgment to Defendants, as sought by them in their Motion, would leave only claims against Anderson for consideration by a jury.

In responding to the Motion for Summary Judgment, the Mercados concede that Defendants Youghn and Irwin County, Georgia, "would not be liable for the actions of Defendants Rogers, Cox and Anderson" (Pls.' Br. Opp'n at 2), but contend that "Defendants Rogers, Anderson and Cox are not entitled to summary judgment in their individual or official capacities." (Pls.' Br. Opp'n at 4.)  They have also filed the Affidavit of Angel Mercado in which he identifies Rogers, Cox, and Anderson as the law enforcement officials who beat him.

## III.   CONCLUSIONS OF LAW

### A.    Defendant Irwin County, Georgia

The Mercados apparently concede that summary judgment is appropriate as to Irwin County, Georgia.  Even in the absence of a concession by Plaintiffs, the Court finds that summary judgment is appropriate.  Local governments can be subject to § 1983 liability only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2108, 2037-38 (1978).  Local government liability may not be predicated on a theory of respondeat superior.  Rather, a plaintiff seeking to succeed on such a claim must show that a government policy or practice is the

"moving force of the constitutional violation" at issue. Id. at 694, 98 S. Ct. at 2038. Plaintiffs have come forward with no evidence suggesting that a policy or custom implemented by the County was the moving force of their injuries.

Moreover, liability for the conduct of the Irwin County Sheriff or his officers may not be imposed on the governing officers of Irwin County merely because of their role as the decision making body for the County. As the United States Court of Appeals for the Eleventh Circuit has noted, a county is liable under § 1983 only for acts for which the county is actually responsible. Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001) (*en banc*). "In Georgia, a county has no authority and control over the sheriff's law enforcement function." Grech v. Clayton County, Ga., 335 F.3d 1326, 1347 (11th Cir. 2003). Rather, a sheriff "acts on behalf of the State in his function as a law enforcement officer and keeper of the peace in general." Id. Thus, in the absence of affirmative evidence showing that Mercado's injuries resulted from acts of the County, rather than its Sheriff or the Sheriff's deputies, Irwin County is entitled to summary judgment as to the claims against it.

### B. Defendant Youghn, as Sheriff of Irwin County, Georgia

The Mercados apparently also concede that summary judgment is appropriate as to Sheriff Youghn, in both his individual and official capacities. Even in the absence of such a concession, however, the Court finds that summary judgment is appropriate. Pursuant to the decision of the Eleventh Circuit in Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), Sheriff Youghn is an arm-of-the-state "in

establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard," and therefore entitled to Eleventh Amendment immunity as to claims brought against him in his official capacity. Id. at 1328. Accordingly, all claims against Sheriff Youghn in his official capacity are dismissed for want of jurisdiction. *See* McLendon v. Ga. Dept. of Comm. Health, 261 F.3d 1252, 1256 (11th Cir. 2001) (stating federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment).

Sheriff Youghn is entitled to summary judgment as to claims brought against him in his individual capacity. As with counties, § 1983 liability against a sheriff cannot be predicated on respondeat superior liability. In order to prevail against a sheriff in his individual capacity, a § 1983 plaintiff is required to show the sheriff was "personally involved in acts or omissions that resulted in the constitutional deprivation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiffs have failed to come forward with any evidence demonstrating that Youghn was personally involved in the acts that resulted in the injury to Mercado. Nothing in the record shows that Youghn was present at the jail on the date of the incident or that he personally directed the acts complained of by Plaintiffs. Accordingly, Defendant Youghn is entitled to summary judgment as to any § 1983 claims brought against him in his individual capacity.

  **C. Defendants Rogers, Anderson, and Cox**

    **a. Official Capacity Claims**

The Mercados do not concede that Defendants Rogers, Anderson, and Cox are entitled to summary judgment as to the official capacity claims against them. Nevertheless, the Court finds that dismissal is appropriate as to claims against them in their official capacities.

The Eleventh Circuit decided well before <u>Manders</u> that Alabama sheriffs' deputies enjoy the same immunities as Alabama sheriffs. *See* <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1526 (11th Cir. 1990). The court concluded that the actions of the deputy sheriffs were legally extensions of the sheriffs, so that the same immunities should extend to them. <u>Id.</u> at 1526-27. *See also* <u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding that Alabama jailers are state officials entitled to Eleventh Amendment immunity when sued in their official capacities).

In <u>Manders</u>, the Eleventh Circuit noted that in Georgia deputies are employees of the sheriff and not the county. <u>Manders</u>, 338 F.3d at 1311. The court also noted that sheriffs, not counties, have responsibility for hiring and firing their deputies. <u>Id.</u> Thus, the same factors that led the Eleventh Circuit to conclude in <u>Carr</u> and <u>Lancaster</u> that jailers and sheriffs' deputies are entitled to Eleventh Amendment immunity as to claims against them in their official capacities are present here. Accordingly, the Court finds that Defendants Rogers, Anderson, and Cox are entitled to Eleventh Amendment immunity, and the § 1983 claims brought against them in their official capacities are dismissed for want of jurisdiction.

### b. Individual Capacity Claims

The Mercados also oppose summary judgment as to Defendants Anderson, Cox and Rogers in their individual capacities. Defendant Anderson has not moved for summary judgment as to the individual capacity claims against him; therefore, only the individual capacity claims against Defendants Rogers and Cox are at issue in this Motion.

At the summary judgment stage, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" which would entitle the moving party to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26, 106 S. Ct. at 2553-54. Under this scheme, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. at 2552.

In this case, Defendants Rogers and Cox have pointed to the record,

particularly Mercado's deposition, as support for their contention that there is an absence of evidence as to the identity of the law enforcement officials who actually struck him–an element essential to Mercado's case. Review of the deposition supports this contention as Mercado unambiguously testified that he did not know the names of the officers who moved him from the holding cell to Cell J-3. (Mercado Dep. at 55-56.) Mercado also did not know the identity of the officers that kicked him (Mercado Dep. at 57), but did remember seeing a "short guy" named Anderson who punched him in the eyes. (Mercado Dep. at 57.) Mercado could not see who was kicking him, and does not know the names of the officers who kicked him. (Mercado Dep. at 60-61.)

Since giving his deposition, however, and in response to Defendants' Motion for Summary Judgment, Mercado has provided Affidavit testimony in which he states that he was transferred from his initial cell to another cell by Deputies Rogers, Anderson, and Cox. (Mercado Aff. ¶ 3.) He also testified in his Affidavit that upon being transferred to the second cell, he was beaten about his head and body by Rogers, Anderson, and Cox. (Mercado Aff. ¶ 4.) Mercado offers no information as to how it is that he knows this information now, but did not know it at the time of his deposition. Mercado has not directed the Court to any other evidence in the record that would support the statements made in his Affidavit.

Defendants contend that Mercado's Affidavit statements are insufficient to create a genuine issue for trial. They argue that Mercado is not entitled to use self-

serving statements which directly contradict his earlier, unambiguous deposition testimony to create issues of fact. The Court agrees.

The Eleventh Circuit has previously held that a party cannot create a genuine issue of material fact by submitting an affidavit which is in conflict with the party's deposition testimony and which does not offer any valid explanation for the conflict. Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 658-59 (11th Cir. 1984) (holding that "a district court may find an affidavit which contradicts testimony on deposition a sham when the party merely contradicts its prior testimony without giving any valid explanation"). Later decisions of the Eleventh Circuit have limited the application of the rule in Van T. Junkins in the following manner: "[O]ur cases require a court to find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530 (11th Cir. 1987).

In this case, Mercado's deposition testimony and his affidavit are inherently inconsistent: In his deposition he states he did not know the names of the officers who moved him from the holding cell to Cell J-3, and states he did not know the identity of the officers who kicked him; in his Affidavit he states he was moved by Rogers, Anderson, and Cox, and was beaten by Rogers, Anderson, and Cox. Yet he offers nothing to explain these contradictions. In these circumstances, under the rule set forth in Van T. Junkins, the Court is authorized to disregard the affidavit testimony, and does so disregard it.

A plaintiff, such as Mercado, who finds himself unable to identify his wrongdoers, should use the discovery tools at his disposal to aid him in identifying them. By the summary judgment stage, he should have sufficient evidence available to at least create issues for a jury as to the identity of the wrongdoers. Here, however, other than his contradictory affidavit, Mercado has offered nothing by which a fact-finder could identify the jail officials, other than Anderson, who beat him. Mercado could have used interrogatories or requests for production, or could have taken any number of depositions to narrow down the identities of the people who were at the jail at the time he was injured and to ask them about their involvement in the incident. Mercado has apparently chosen to do none of these, as he has failed to put any evidence on the record from which a determination as to identity could be made. Certainly he has offered nothing to demonstrate that there are fact disputes as to whether Cox or Rogers engaged in conduct that served to violate his constitutional rights.

In sum, Mercado has failed to put forth admissible evidence showing that there are fact disputes as to whether these Defendants caused or contributed to the injuries inflicted upon him. In the absence of any such showing, Defendants Cox and Rogers are entitled to judgment as a matter of law as to the § 1983 claims brought against them in their individual capacities.

IV. **CLAIMS OTHER THAN § 1983**

In their complaint, the Mercados contend jurisdiction is invoked pursuant to

various statutes, including 28 U.S.C.A. §§ 2201 and 2202, 42 U.S.C.A. § 1981, and Title VII. (Compl. ¶ 1.) They further allege that the Court "has pendent jurisdiction to hear the related state tort claims against Defendants Steve Rogers, John David Anderson and Rayford Cox" (Compl. ¶ 4), and state that the "causes of action maintained herein include . . . actions under the laws of the State of Georgia." (Compl. ¶ 15.) However, except as to Lydia Mercado's claim for loss of consortium, nowhere in the complaint do the Mercados identify the state law causes of action for which they claim injury, nor do they offer any particulars with respect to any claims they might have for declaratory judgment, or under Title VII, or under § 1981.

It is clear to the Court that Plaintiffs have no cause of action pursuant to Title VII, as these claims did not arise in an employment setting. Nor do Plaintiffs have a cause of action pursuant to 42 U.S.C.A. § 1981, as they have failed to allege discrimination in employment or related to a contractual relationship. Furthermore, Plaintiffs have failed to set forth any basis for declaratory relief, and have also failed to identify any state law causes of action for which they claim injury, other than Lydia Mercado's claim for loss of consortium. In view of these failings, to the extent that Plaintiffs intended to bring state law tort claims, claims for declaratory relief, claims under Title VII, or claims under § 1981, those claims are dismissed. Lydia Mercado's claim for loss of consortium remains.

## V. CONCLUSION

In view of the foregoing, the Court directs as follows: Defendants' Motion for

Summary Judgment is granted as to Defendants Irwin County, Georgia, and Donnie Youghn, Steve Rogers, and Rayford Cox, in their individual capacities. The claims against Donnie Youghn, Steve Rogers, Rayford Cox, and John David Anderson, in their official capacities, are dismissed for want of jurisdiction as barred by the Eleventh Amendment. All other claims sought to be brought by Plaintiffs, except Lydia Mercado's claim for loss of consortium, are dismissed. The only Defendant remaining is John David Anderson, and only the claim under § 1983, brought against him in his individual capacity, and Lydia Mercado's claim for loss of consortium remain for determination. The Calendar Clerk is directed to set this matter for trial at the earliest opportunity.

**SO ORDERED**, this the 27th day of February, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls